IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ANNA TOOLS, guardian and administratix of the estate of A.S.B., a minor child and decedent,<br><br>    Plaintiff,<br><br>vs.<br><br>RED ROCK CANYON SCHOOL,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION<br><br><br><br>Case No. 2:05-CV-155 TS |

      Before the Court is Defendant's Motion to Dismiss.  After reviewing the Motion and associated memoranda, the Court determined that oral argument was unnecessary.  The Court will grant Defendant's Motion.

      The Court construes Defendant's Motion as a motion to dismiss for lack of subject matter jurisdiction brought under Fed.R.Civ.P. 12(b)(1).  Rule 12(b)(1) motions may take two forms. "The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests."  Maestas v.

1

Lujan, 351 F.3d 1001, 1013 (10th Cir. 2003).  The Court construes Defendant's Motion as the latter.

Defendant's Motion to Dismiss rests on the assertion that Plaintiff failed to comply with the Utah Health Care Malpractice Act ("UHCMA"), Utah Code Ann. 78-14-1, *et seq.*, which requires that those suing a "health care provider" for a "malpractice action" must provide 90-days notice to the prospective defendant.  Defendant alleges, and Plaintiff stipulates, that if Plaintiff qualifies as a "health care provider" that Plaintiff failed to conform with the UHCMA's notice requirement.

The issue in dispute, then, is whether Plaintiff is a "health care provider" under the UHCMA.  The definition of "health care provider" found in the UHCMA is a broad one:

> "Health care provider" includes any person, partnership, association, corporation, or other facility or institution who causes to be rendered or who renders health care or professional services as a hospital, health care facility, physician, registered nurse, licensed practical nurse, nurse-midwife, dentist, dental hygienist, optometrist, clinical laboratory technologist, pharmacist, physical therapist, podiatric physician, psychologist, chiropractic physician, naturopathic physician, osteopathic physician, osteopathic physician and surgeon, audiologist, speech-language pathologist, clinical social worker, certified social worker, social service worker, marriage and family counselor, practitioner of obstetrics, or others rendering similar care and services relating to or arising out of the health needs of persons or groups of persons and officers, employees, or agents of any of the above acting in the course and scope of their employment.

Utah Code Ann. § 78-14-3(12) (emphasis added).

In addressing this definition, the Utah Supreme Court has held as follows: "We conclude that the statute in question means what it says.  All those identified in the statute are 'health care

providers.'  All others rendering care and services similar to those so explicitly identified are also 'health care providers.'"  Platts v. Parents Helping Parents, 947 P.2d 658, 663 (Utah 1997).

The question of whether a person or entity qualifies as a "health care provider" requires a factual analysis.  Id.  The Court must determine whether the Red Rock Canyon School qualifies as such.

Defendant attached several documents to its reply brief in order to make a showing that it does qualify as a "health care provider."  One of the documents, a license issued by the State of Utah, carries unavoidable legal consequences with it.  Because this is a matter of public record, the Court may take judicial notice of it.  Grynberg v. Koch Gateway Pipeline Co., 390 F.3d 1276, 1278 n.1 (10th Cir. 2004).  Specifically, the Court takes judicial notice that the Red Rock Canyon School is licensed to provide "residential treatment for 128 youth consumers ages 12 though 17 years."

Administrative rules of the State of Utah give context to the meaning of this license: "Residential treatment programs offer room and board and provides for or arranges for the provision of specialized treatment, rehabilitation or habilitation services for persons with emotional, psychological, developmental, or behavioral dysfunctions, impairments, or chemical dependencies."  UAC R501-19.2.  By rule, such a program is required to have a staff with the following training: (a) a licensed physician or consulting licensed physician; (b) a licensed psychologist, or consulting licensed psychologist; (c) a licensed mental health therapist or consulting licensed, mental health therapist.  UAC R501-19.5.

While Plaintiff requests additional discovery to determine whether or not the Red Rock Canyon School qualifies as a health care provider within the meaning of the UHCMA, the Court cannot ignore the legal obligations imputed to Defendant by Utah law unescapably put Defendant in the position of an entity that qualifies as a "health care provider" under the UHCMA.[1]

Additionally, Plaintiff's Complaint brings claims that attach to the very duties that Plaintiff attempts to avoid in the present motion. Specifically, Plaintiff's Complaint alleges negligence that rings of a claim of medical malpractice:

> Defendant was negligent, including but not limited to: (1) failing to monitor the health and physical condition of [A.S.B.]; (2) failing to take [A.S.B.] to a medical doctor or hospital when her condition required; (3) disregarding communications from [A.S.B.] about the deteriorating condition of her physical health; (4) failing to have adequately trained personnel available to properly treat students under the School's care, custody, and control; (5) failing to heed objective medical criteria of a deteriorating medical condition; (6) failing to administer proper diagnostic tests that the School's employees were capable of performing; (7) waiting too long before taking [A.S.B.] to an emergency room; and (8) failing to monitor the quantity of medicine that [A.S.B.] could safely ingest.

Plaintiff's Complaint ¶ 7. The Court finds that it would be inappropriate to entertain awarding Plaintiff the relief sought in the Complaint without requiring compliance with the UHCMA.

Accordingly, and in harmony with Plaintiff's stipulation that it did not provide the notice required by the UHCMA, the Court finds that this action is barred by the UHCMA.

---

[1] While the Court does not rely upon it, the Court notes that the contract which admitted Plaintiff into the school, identified Plaintiff as a "patient" and requires that the school provide "all routine therapeutic and behavioral modification services and testing; first-aid supplies and nursing services; ... admission lab screening; psychiatric consultations ...."

## III.  CONCLUSION

The Court, therefore,

GRANTS Defendant's Motion to Dismiss [#4].  Plaintiff's action is, therefore, dismissed without prejudice, pending Plaintiff's compliance with the UHCMA.

DATED this _____ day of June, 2005.

        BY THE COURT:

        _____
        TED STEWART
        United States District Court Judge